1 | ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
2 | MICHAEL J. CARROLL (St. Bar #50246)
220 Montgomery Street, Suite 303
3 | San Francisco, CA  94104
Telephone:  (415) 392-5431
4 | Fax: (415) 392-1978

5 | Attorneys for Plaintiff

6

7

8 |                    UNITED STATES DISTRICT COURT

9 |                  NORTHERN DISTRICT OF CALIFORNIA

10

**C 07**    **3206**

11 | **NORTHWEST ADMINISTRATORS, INC.** )
    No. _____
12 |              **Plaintiff,**    )

13 |          **vs.**     )
   **COMPLAINT**    **BZ**

14 | **PACIFIC CONVENTION SERVICES, INC., a** )
**corporation; doing business as** )
15 | **PACIFIC CONVENTION SERVICES,** )

16 |              **Defendant.**    )

17 | _____ )

18 |          Plaintiff complains of defendant and for a cause of action

19 | alleges that:

20 |          1.    Jurisdiction of this Court is founded upon Section

21 | 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C.

22 | § 185(a)] and Section 502 of the Employee Retirement Income Security

23 | Act of 1974, said Act being hereinafter referred to as "ERISA" (29

24 | U.S.C. 1132), in that defendant has violated a collective bargaining

25 | agreement and certain Trust Agreements, thereby violating the

26 | provisions of ERISA and the provisions of the National Labor Relations

27 | Act of 1947.  This action is also brought pursuant to the Federal

28 | Declaratory Judgment Act (28 U.S.C. § 2201 et seq.) in a case of

1  actual controversy between plaintiff and defendant, and for a Judgment
2  that defendant pay fringe benefit contributions in accordance with its
3  contractual obligations.

4        2.   Plaintiff is an organization incorporated and in good
5  standing under the laws of the State of Washington.  Plaintiff has
6  qualified to do business and is doing business in the State of
7  California, and its principal place of business in California is in
8  Daly City, San Mateo County.  Plaintiff is the administrator of the
9  WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND and has been
10  directed and authorized by the Trustees of said Trust Fund to bring
11  this action for and on behalf of the Trustees of said Trust Fund.  The
12  WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND will hereinafter
13  be referred to as the "TRUST FUND".  The Agreement and Declaration of
14  Trust, dated April 26, 1955 (hereinafter referred to as the "Trust
15  Agreement"), which Trust Agreement established the TRUST FUND sets
16  forth the provisions governing the maintenance of the TRUST FUND
17  pursuant to the applicable requirements of Section 302 of the Labor
18  Management Relations Act of 1947 (29 U.S.C. § 186) as amended.

19        3.   Each and every defendant herein is the agent of each and
20  every other defendant herein.  Defendants and each of them are engaged
21  in commerce or in an industry affecting commerce.

22        4.   At all times pertinent hereto defendant was bound by a
23  written collective bargaining agreement with Teamsters Local Union No.
24  85, a labor organization in an industry affecting commerce.   The
25  aforesaid agreement provides that defendant shall make contributions
26  to the WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND on behalf
27  of defendant's employees on a regular basis, and that defendant shall
28  be bound to and abide by all the provisions of the Trust Agreement

1 | above referred to.

2 | 5. The TRUST FUND relies upon a self reporting system.
3 | Defendant has unique knowledge of the amounts of contributions that
4 | it is liable to pay each month, and has a fiduciary obligation to
5 | accurately report the amount to the TRUST FUND.

6 | 6. Defendant has breached both the provisions of the
7 | collective bargaining agreement and the Trust Agreement above referred
8 | to by failing to complete and send in monthly reports and/or to pay
9 | all moneys due thereunder on behalf of defendant's employees to the
10 | TRUST FUND. Said breach constitutes a violation of ERISA (29 U.S.C.
11 | 1002, et seq.) and of the National Labor Relations Act of 1947.

12 | 7. Defendant has failed and refused to pay in a timely
13 | manner since March 1, 2007. Pursuant to the terms of the collective
14 | bargaining agreement, there is now due, owing and unpaid from
15 | defendant to the TRUST FUND contributions for hours worked by covered
16 | employees for the months of March 2007, April 2007, and May 2007 and
17 | liquidated damages and interest which are specifically provided for
18 | by said agreement. The total amount due is unknown at this time;
19 | additional monthly amounts will become due during the course of this
20 | litigation and in the interest of judicial economy, recovery of said
21 | sums will be sought in this case. Interest is due and owing on all
22 | principal amounts due and unpaid at the legal rate from the dates on
23 | which the principal amounts due accrued. The total amount due in this
24 | paragraph is unknown at this time, except to the defendant.

25 | 8. Demand has been made upon said defendant, but defendant
26 | has failed and refused to pay the amounts due the TRUST FUND or any
27 | part thereof; and there is still due, owing and unpaid from defendant
28 | the amounts set forth in Paragraph 7 above.

COMPLAINT
-3-

1          9.   An actual controversy exists between plaintiff and
2  defendant in that plaintiff contends that the TRUST FUND is entitled
3  to a timely monthly payment of trust fund contributions now and in the
4  future pursuant to the collective bargaining agreement and the Trust
5  Agreement, and defendant refuses to make such payments in a timely
6  manner.

7         10.  The TRUST FUND does not at this time seek to audit the
8  books and records of defendant.  The only issue raised in this
9  complaint is defendant's failure to complete and file voluntary
10  monthly reports and pay the contributions due.  The TRUST FUND seeks
11  to obtain a judgment for any outstanding delinquent contributions
12  based on defendant's reports and to reserve the right to audit
13  defendant for this or any other unaudited period.

14       11.  The Trust Agreement provides that, in the event suit is
15  instituted to enforce payments due thereunder, the defendant shall pay
16  court costs and a reasonable attorneys' fee.  It has been necessary
17  for plaintiff to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION,
18  as attorneys to prosecute the within action, and a reasonable
19  attorneys' fee should be allowed by the Court on account of the
20  employment by plaintiff of said attorneys.

21          WHEREFORE, plaintiff prays:

22       1.  That the Court render a judgment on behalf of plaintiff
23  for all contributions due and owing to the date of judgment based upon
24  unaudited reporting forms, plus liquidated damages provided for by the
25  contract, interest at the legal rate, reasonable attorneys' fees
26  incurred in prosecuting this action and costs.

27       2.  That the Court enjoin the defendant from violating the
28  terms of the collective bargaining agreements and the Trust Agreement

1   for the full period for which defendant is contractually bound to file
2   reports and pay contributions to the TRUST FUND.

3             3.  That the Court reserve plaintiff's contractual right to
4   audit defendant for months prior to judgment, and in the event of such
5   audit, collect any additional sums which may be due.

6             4.  That the Court retain jurisdiction of this cause pending
7   compliance with its orders.

8             5.  For such other and further relief as the Court deems
9   just and proper.

10          Dated:   June 14, 2007

11                      ERSKINE & TULLEY

13                      By:
14                          Michael J. Carroll
                         Attorneys for Plaintiff

COMPLAINT
-5-