PERTINENT PORTIONS:
INTEREST- PG 6, ARTICLE IV, SEC. 3(b)(1)
LIQUIDATED DAMAGES - PG 6, ARTICLE IV, SEC. 3(b)(2)
ATTORNEYS FEES - PG 6, ARTICLE IV, SEC. 3 (b)(3)

# The Western Conference of Teamsters

▲ ▲ ▲

# Pension Trust Fund

▼ ▼ ▼

**AS CONSTITUTED JANUARY 13, 2004**



A N D

Rules governing recognition of Pension Agreements and acceptance of Employer Contributions – As constituted October 14, 1999

A N D

Employer Withdrawal Liability Rules and Procedures
As constituted April 20, 2004

A N D

Employer Withdrawal Liability Arbitration Rules
As constituted July 15, 1986

5/04

## NOTICE TO COVERED EMPLOYERS, EMPLOYEES AND LOCAL UNIONS

To be eligible to participate in this Pension Plan, an employee must be covered under a bona fide written Pension Agreement (labor contract) between an Employer and a Local Union of the Western Conference of Teamsters. The Pension Agreement must conform to the Trustee Policy on Acceptance of Employer Contributions. Copies of such Pension Agreement (labor contracts) are available for inspection at the office of your employer or local union.

Only the Area Administrative Offices represent the Trustees in administering the Plan and giving information relating to amount of benefits, eligibility and other provisions of the Plan. No Union Employee, including Union Officers and Business Agents, no Employer or Employer representative, and no representative of any other organization except the Area Administrative Offices is authorized to give information, interpret the Plan, or commit the Trustees on any matter. In all cases, the terms of the Plan govern.

Unincorporated owners and partners are not eligible to personally participate in the Plan.

Special rules apply to the determination of past employment credits for corporate officers, former owners and former proprietors.

Pensions will not be paid to persons who are found to be ineligible for coverage under the Plan, even though contributions were made on their behalf. If there is any doubt that an individual's coverage is not proper, write directly to the Administrative Office in your area.

### ADMINISTRATIVE OFFICES

| NORTHWEST AREA | NORTHERN CALIFORNIA AREA | SOUTHWEST AREA |
|---|---|---|
| Administrative Office | Administrative Office | Administrative Office |
| The Western Conference of Teamsters Pension Trust Fund | The Western Conference of Teamsters Pension Trust Fund | The Western Conference of Teamsters Pension Trust Fund |
| 2323 Eastlake Avenue East | 355 Gellert Blvd., Ste. 100 | 1000 S. Fremont Ave., Ste. 9101W |
| Seattle, WA 98102-3393 | Daly City, CA 94015-2666 | Alhambra, CA 91803-8839 |
| Telephone: 206-329-4900 | Telephone: 650-570-7300 | Telephone: 626-284-4792 |

### THE TRUSTEES OF THE WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND

2323 Eastlake Avenue East
Seattle, Washington 98102-3393

Employer Identification Number 91-6145047



# TABLE OF CONTENTS

Page

## AGREEMENT AND DECLARATION OF TRUST

**ARTICLE I.--DEFINITIONS**

| | | |
|---|---|---|
| Section 1. | Union | 1 |
| Section 2. | Employer | 1 |
| Section 3. | Employee | 1 |
| Section 4. | Trustee | 1 |
| Section 5. | Union Trustee | 1 |
| Section 6. | Employer Trustee | 1 |
| Section 7. | Agreement and Declaration of Trust | 1 |
| Section 8. | Trust Fund | 1 |
| Section 9. | Employer Contributions | 2 |
| Section 10. | Pension Agreement | 2 |
| Section 11. | Limitations on Employer Contributions | 2 |
| Section 12. | Qualified Financial Institution | 2 |
| Section 13. | Insurance Company Contract | 2 |
| Section 14. | Qualified Investment Vehicles | 2 |
| Section 15. | ERISA | 3 |
| Section 16. | Code | 3 |

**ARTICLE II--TRUSTEES**

| | | |
|---|---|---|
| Section 1. | Number of Trustees | 3 |
| Section 2. | Selection of Union Trustees | 3 |
| Section 3. | Selection of Employer Trustees | 3 |
| Section 4. | Acceptance of Trust by Trustees | 3 |
| Section 5. | Trustee's Term of Office | 3 |
| Section 6. | Resignation of Trustee | 3 |
| Section 7. | Successor Trustees | 3 |
| Section 8. | Removal of Trustees | 4 |
| Section 9. | Compensation of Trustees | 4 |
| Section 10. | Chairman and Co-Chairman-Secretary | 4 |

**ARTICLE III.--CREATION, PURPOSE, AND APPLICATION OF THE TRUST FUND**

| | | |
|---|---|---|
| Section 1. | Creation of Trust | 4 |
| Section 2. | Purpose of Trust | 4 |
| Section 3. | Pension Plan | 4 |
| Section 4. | Application of the Fund | 5 |
| Section 5. | Limitation of Rights to Trust Fund | 5 |

**ARTICLE IV.--COLLECTION OF EMPLOYER CONTRIBUTIONS**

| | | |
|---|---|---|
| Section 1. | Employer Contributions and Employer Reports | 5 |
| Section 2. | Place of Payment and Filing of Employer Reports | 5 |
| Section 3. | Delinquent Contributions | 6 |
| Section 4. | Collection Actions | 6 |
| Section 5. | Agreement of Employers | 6 |

**ARTICLE V.--ADMINISTRATION OF THE TRUST FUND**

| | | |
|---|---|---|
| Section 1. | General | 6 |
| Section 2. | Execution of Instrument | 7 |
| Section 3. | Voting of Trustees | 7 |
| Section 4. | Trustee Committees | 8 |
| Section 5. | Allocation and Delegation of Duties | 8 |
| Section 6. | Executive Director | 8 |
| Section 7. | Administrative Manager | 8 |
| Section 8. | Mergers, Consolidations, Etc., With Other Pension Funds | 8 |

**ARTICLE VI.--FUNDING AND PLAN BENEFIT AMENDMENTS**

| | | | |
|---|---|---|---|
| Section | 1. | Minimum Funding Standards | 8 |
| Section | 2. | Funding Policies | 8 |
| Section | 3. | Special Report of Trust Actuary | 9 |
| Section | 4. | Plan Benefit Amendments Policy | 9 |
| Section | 5. | Presumptions and Procedures | 9 |

**ARTICLE VII.--ADMINISTRATION OF THE PLAN** — 10

**ARTICLE VIII.--INVESTMENTS OF THE TRUST FUND**

| | | | |
|---|---|---|---|
| Section | 1. | Trustee Authority | 10 |
| Section | 2. | Investment Managers | 11 |
| Section | 3. | Custodians | 11 |
| Section | 4. | Investment Manager Accounts | 11 |

**ARTICLE IX.--FIDUCIARY STANDARDS** — 11

**ARTICLE X.--LIMITATION OF LIABILITY**

| | | | |
|---|---|---|---|
| Section | 1. | Liability of Trustees | 12 |
| Section | 2. | Liability of Unions, Employers, Trustees and Insurance Company | 12 |
| Section | 3. | Employers Not Liable for Benefits | 12 |
| Section | 4. | Liability of Insurance Companies | 12 |

**ARTICLE XI.--MISCELLANEOUS PROVISIONS**

| | | | |
|---|---|---|---|
| Section | 1. | Employer Records and Audits | 13 |
| Section | 2. | Dealings with Trustees | 13 |
| Section | 3. | Employee Booklets | 13 |
| Section | 4. | Notices | 13 |
| Section | 5. | Trustees' Discretion | 13 |
| Section | 6. | Legal Action by Trustees | 13 |
| Section | 7. | Costs of Suit | 13 |
| Section | 8. | Fidelity Bonds | 13 |
| Section | 9. | Severability | 14 |

**ARTICLE XII.--MODIFICATIONS** — 14

**ARTICLE XIII.--ADMISSION OF UNIONS AND EMPLOYERS** — 14

**ARTICLE XIV.--TERMINATION OF TRUST** — 14

**ARTICLE XV.--SITUS AND CONSTRUCTION OF TRUST** — 14

TRUSTEE POLICY ON ACCEPTANCE OF EMPLOYER CONTRIBUTIONS
EFFECTIVE APRIL 1, 1970 .................................................. 15
PENSION AGREEMENT EFFECTIVE ON OR AFTER APRIL 1, 2000

TRUSTEE POLICY ON ACCEPTANCE OF PENSION AGREEMENTS
PROVIDING THE PROGRAM FOR ENHANCED EARLY RETIREMENT ... 16

TRUSTEE RULES ON ACCEPTANCE OF EMPLOYER CONTRIBUTIONS
IN THE FOOD PROCESSING INDUSTRY

| | | |
|---|---|---|
| Section 1. | Definition of Food Processing ........................................... | 17 |
| Section 2. | General Rule ........................................... | 18 |
| Section 3. | Permissible Dual Rate Provisions ........................................... | 18 |
| Section 4. | Application of Existing Trustee Policy ........................................... | 18 |
| Section 5. | Existing Waiting Periods ........................................... | 18 |
| Section 6. | Agreements Covering Employees in the Western States Food Processing Industry Employees Pension Plan ........................................... | 19 |
| Section 7. | Exemptions from 1,000 Hour Requirements ........................................... | 19 |
| Section 8. | Effective Dates ........................................... | 19 |

EMPLOYER WITHDRAWAL LIABILITY RULES AND PROCEDURES OF
THE WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND –
A SUPPLEMENT TO THE WESTERN CONFERENCE OF TEAMSTERS PENSION PLAN

| | | |
|---|---|---|
| Section 1. | Withdrawal Liability Established ........................................... | 19 |
| Section 2. | Determination and Collection of Liability; Notification of Employer ........................................... | 20 |
| Section 3. | Complete Withdrawal ........................................... | 20 |
| Section 4. | Sale of Assets ........................................... | 20 |
| Section 5. | Partial Withdrawals ........................................... | 21 |
| Section 6. | Adjustment for Partial Withdrawal ........................................... | 22 |
| Section 7. | Reduction or Waiver of Complete Withdrawal Liability ........................................... | 22 |
| Section 8. | Reduction of Partial Withdrawal Liability ........................................... | 22 |
| Section 9. | De Minimis Rule ........................................... | 22 |
| Section 10. | Method of Computing Withdrawal Liability ........................................... | 22 |
| Section 11. | Obligation to Contribute; Special Rules ........................................... | 24 |
| Section 12. | Actuarial Assumption, Etc. ........................................... | 24 |
| Section 13. | Application of Supplement ........................................... | 24 |
| Section 14. | Application of Supplement in Case of Certain Pre-1980 Withdrawals (Deleted as Obsolete) ........................................... | 25 |
| Section 15. | Withdrawal Not to Occur Merely Because of Changes in Business Form or Suspension of Contributions During Labor Dispute ........................................... | 25 |
| Section 16. | Notice, Collection, Etc. of Withdrawal Liability ........................................... | 25 |
| Section 17. | Resolution of Disputes ........................................... | 27 |
| Section 18. | Limitations on Withdrawal Liability ........................................... | 28 |
| Section 19. | Definitions ........................................... | 29 |
| Appendix | ........................................... | 30 |

# AGREEMENT AND DECLARATION OF TRUST*

This Agreement and Declaration of Trust made this 26th day of April 1955, by and between the undersigned Union Trustees and Employer Trustees, who together with the successor Trustees and additional trustees designated in the manner hereinafter provided are hereinafter collectively referred to as Trustees.

WHEREAS, certain local unions affiliated with THE WESTERN CONFERENCE OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, have now and will hereafter have in effect Agreements with certain employers requiring payments by the employers into a trust fund for the purpose of providing and maintaining retirement, death, and termination benefits for certain employees of the employers and their beneficiaries.

WHEREAS, each such local union, hereinafter called Union, and each such employer, hereinafter called Employer, shall, upon acceptance by the Trustees, be deemed a party to this Agreement and Declaration of Trust, and

WHEREAS, to effect the aforesaid purpose it is desired to establish and maintain a trust fund which will conform to the applicable requirements of the Labor Management Relations Act of 1947, as amended, and the Employee Retirement Income Security Act of 1974, as amended and qualify as a "qualified trust" and as an "exempt trust" pursuant to 1954 Internal Revenue Code, sections 401, 501(a), and other pertinent provisions thereof.

NOW THEREFORE, in consideration of the premises and in order to establish and provide for the maintenance of the aforesaid trust fund, to be known as THE WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND (hereinafter referred to as the "Trust Fund"), it is understood and agreed as follows:

## ARTICLE I – DEFINITIONS

### Section 1. – Union:

The term Union shall mean any one of the following labor organizations that, at the time of reference, has agreed to be bound by the terms and provisions of the Trust Agreement:

(1) A local union of the Western Conference of Teamsters, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

(2) A local union affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen of America which is designed in writing as a Union by the Trustees.

(3) A labor organization the primary purpose of which is to represent Employees that are considered "guards" within the meaning of section 9(b)(3) of the National Labor Relations Act, as amended, provided that some of its members previously were represented by a local union of the Western Conference of Teamsters.

(4) A labor organization the primary purpose of which is to represent Employees that are considered "guards," provided that the labor organization represents Employees within the geographic jurisdiction of the Western Conference of Teamsters and is affiliated with, or is a constituent member of, a labor organization at least one of whose constituent members or affiliates is a labor organization described in (3).

In no event, however, shall a labor organization described in (2), (3) or (4) be considered a Union for purpose of Article II.

### Section 2. – Employer:

The term Employer as used herein shall include an association, individual, partnership, or corporation which at the time of reference, has agreed in writing to be bound by the terms and provisions of the Trust Agreement and is obligated to make Employer Contributions to the Trust Fund in accordance with a Pension Agreement. The term Employer shall include the Trust Fund with respect to its employees.

### Section 3. – Employee:

The term Employee as used herein shall mean any person on whose account an Employer is, at the time of reference, making Employer Contributions into the Trust Fund, or for whom an Employer previously did make such Contributions and who is, at the time of reference, still eligible for benefits to be provided by the Trust Fund.

### Section 4. – Trustee:

The term Trustee as used herein shall include any person designated as a Trustee pursuant to Section 2 or Section 6 of Article II of this Agreement and Declaration of Trust.

### Section 5. – Union Trustee:

The term Union Trustee as used herein shall mean any Trustee designated solely by the Unions or on behalf of the Unions by any other Union Trustee or Trustees.

### Section 6. – Employer Trustee:

The term Employer Trustee as used herein shall mean any Trustee designated solely by the Employers or on behalf of the Employers by any other Employer Trustee or Trustees.

### Section 7. – Agreement and Declaration of Trust:

The Term Agreement and Declaration of Trust as used herein shall mean this instrument including all amendments and modifications hereto.

### Section 8. – Trust Fund:

The term Trust Fund as used herein shall mean The Western Conference of Teamsters Pension Trust Fund created and established in Article III herein.

---

*With respect to any cause that arose, or any act or omission which occurred before April 17, 1975, the terms of the Agreement and Declaration of Trust as in effect on April 16, 1975 shall govern.*

1

## Section 9. – Employer Contributions

The term Employer Contributions as used herein shall mean payments to the Trust Fund by an Employer in accordance with a Pension Agreement.

Any payments to the Trust Fund which are discovered not to have been made pursuant to a valid Pension Agreement, or which are subsequently discovered to be unacceptable for any other reasons, shall continue to be held and invested as part of the Trust Fund pending determination of the person(s) entitled thereto and disbursement of those payments to those person(s); however, the Trustees shall maintain records sufficient to separately identify those payments. The Trustees may require as a condition of disbursing improper or unacceptable payments from the Trust Fund that the person(s) receiving them reimburse the Trust Fund for any expenses incurred by or on behalf of the Trustees in connection with those payments or their disbursement from the Trust Fund, including, without limitation, administrative expenses and attorneys' fees. The Trustees may also require from the person(s) receiving the payments and from any other person(s) the Trustees determine may have or claim an interest in the payments, such release, indemnify and hold-harmless agreements as the Trustees deem appropriate in the circumstances. Nothing herein shall be construed as requiring or permitting the disbursement of monies from the Trust Fund to any person in violation of section 403(c) of ERISA. Nor shall the Trustees be precluded from holding improper or unacceptable payments separate and apart from the Trust Fund pursuant to escrow or other arrangements or from depositing those payments with the clerk of any court of competent jurisdiction pending a determination by the court of the person(s) entitled thereto or a declaration by the court of the rights and obligations of the Trustees concerning those payments.

## Section 10. – Pension Agreement:

The term Pension Agreement as used herein shall mean a written agreement between any Union and any association, individual, partnership or corporation which, among other things, requires payments to the Trust Fund on behalf of employees of such association, individual, partnership or corporation and which complies with the rules, regulations and policies of the Trustees governing acceptance of payments from Employers.

The term Pension Agreement shall also mean any written agreement providing for payments to the Trust Fund for the employees of the following: Western Conference of Teamsters, any subdivision thereof, any local union affiliated therewith, any other local union affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America designated as a Union by the Trustees, any administrative agency serving the Trustees, or the Trust Fund with respect to its employees.

The term Pension Agreement shall include any extension, renewal or replacement thereof. A Pension Agreement shall be considered as being in effect on any date if it provides for Employer Contributions to be made to the Trust Fund with respect to employment on such date.

Notwithstanding the foregoing, a written agreement will not be considered a Pension Agreement and an association, individual, partnership, or corporation shall not be considered as an Employer maintaining the Plan with respect to his employees covered by the written agreement unless and until such agreement is accepted in writing by the Trustees. Such acceptance will be effective retroactive to the effective date of payments to the Trust Fund specified in the agreement unless a later date is specified in the Trustees' acceptance.

## Section 11. – Limitation on Employer Contributions:

The hourly rate of Employer Contribution under a Pension Agreement on any date after December 31, 1979, and before January 1, 1992, may not be more than 50 cents per hour higher than the rate in effect under the Agreement on the same date in the prior calendar year.

The Trustees may, from time to time, establish a maximum hourly rate at which Employer Contributions may be made to the Trust Fund under any Pension Agreement. The Trustees may, from time to time, also establish minimum and maximum hourly rates at which Employer Contributions may be made to the Trust Fund under any new Pension Agreement.

If a Pension Agreement provides an hourly rate in excess of that permitted for such Agreement, the parties thereto shall be deemed to have agreed to make contributions only at the rate permitted and only contributions at such rate will be accepted. If a Pension Agreement provides an hourly rate less than that required for that Agreement, contributions under that Agreement will not be accepted. Receipt of contribution amounts which are not acceptable under this Section or approval of such a Pension Agreement by the Trustees shall not be deemed a waiver of the provisions of this Section II or an agreement by the Trustees to accept contributions otherwise not permitted.

## Section 12. – Qualified Financial Institution:

The term Qualified Financial Institution shall mean a reputable bank or trust company that is supervised by a federal or state agency or a reputable insurance company that is qualified to perform asset management services for employee benefit plans under the laws of more than one state.

## Section 13. – Insurance Company Contract:

The Term Insurance Company Contract shall mean a group annuity or other contract issued to the Trustees by an insurance company that is a Qualified Financial Institution for the purpose of investing assets of the Trust Fund or of providing all or any part of the benefits granted under the terms of the Plan, or both.

## Section 14. – Qualified Investment Vehicles:

The Trustees from time to time may designate as a Qualified Investment Vehicle any entity or class of entity that is not a Qualified Financial Institution to receive funds from the Trust Fund provided the entity or class of entity is established and maintained for institutional investment purposes, including without limitation, a corporation, partnership, limited liability company, open end management investment company, and real estate investment trust.

### Section 15. – ERISA:

The term ERISA shall mean the Employee Retirement Income Security Act of 1974, as amended from time to time.

### Section 16. – Code:

The term Code shall mean the Internal Revenue Code of 1986, as amended from time to time, and any predecessors or successors thereto.

# ARTICLE II – TRUSTEES

### Section 1. – Number of Trustees:

The Trustees under this Agreement and Declaration of Trust, who shall be the Trustees of the Trust Fund created and established hereunder, shall be an even number not less than four, and not more than twenty-eight; one-half to be Union Trustees and one-half to be Employer Trustees.

### Section 2. – Selection of Union Trustees:

The Union Trustees shall be selected as follows:

(a) The President of each of the following Joint Councils shall serve as a Union Trustee to represent the Area designation: Joint Council 3 (Rocky Mountain), Joint Council 7 (Northern California), Joint Council 28 (Northwest), Joint Council 37 (Northwest), Joint Council 38 (Northern California) and Joint Council 42 (Southwest).

(b) The Executive Board of each of the following Joint Councils shall elect one Union Trustee to represent the Area designated for a term of six years: Joint Council 3 (Rocky Mountain Area), Joint Council 7 (Northern California Area), Joint Council 28 (Northwest Area), Joint Council 37 (Northwest Area), and Joint Council 38 (Northern California Area). The Executive Board of Joint Council 42 shall select two Union Trustees to represent the Southwest Area, each for a term of six years.

(c) The thirteen Area Union Trustees shall select by majority vote one additional Union Trustee for a term of six years.

(d) Each individual selected as a Union Trustee by the Executive Board of a Joint Council must be, at the time of selection, an active member of a local union of that Joint Council.

(e) Any action by the Executive Board of a Joint Council concerning the selection or removal of a Union Trustee shall be certified to the Trustees by the President or Secretary of the Joint Council.

### Section 3. – Selection of Employer Trustees:

(a) The Employer Trustees shall be selected at triennial intervals to represent each Area. At each triennial selection, the existing Employer Trustees shall select by majority vote one Employer Trustee to represent the Rocky Mountain Area for a six-year term and two Employer Trustees to represent each other Area for six-year terms.

(b) Regardless of any other provisions of this Agreement and Declaration of Trust, no union or Union may participate in any way in the selection of any Employer Trustee, even though such union or Union is an Employer as said term is elsewhere used in this Agreement and Declaration of Trust.

### Section 4. – Acceptance of Trust by Trustees:

A Trustee, upon written acceptance filed with the other Trustees, shall be deemed to accept the trust created and established by this Agreement and Declaration of Trust and consent to act as Trustee and agree to administer the Trust Fund as provided herein. Each Trustee must be a natural person.

### Section 5. – Trustee's Term of Office:

Each Union Trustee, other than a Union Trustee who is the President of a Joint Council, and each Employer Trustee shall continue to serve as such until the end of his term, or until his prior death, incapacity, resignation or removal as provided herein. A Union Trustee who is the President of a Joint Council shall serve as long as he retains that office.

### Section 6. – Resignation of Trustee:

A Trustee may resign and remain fully discharged from all future duty and responsibility hereunder by giving notice in writing to the remaining Trustees, which notice shall state the date such resignation shall take effect. Such resignation shall take effect on the said date unless a successor Trustee shall have been appointed at an earlier date, in which event such resignation shall take effect as of the date of appointment of the successor Trustee. Notwithstanding the preceding sentence, a Union Trustee who is the President of a Joint Council may only resign as a Trustee by resigning that office.

### Section 7. – Successor Trustees:

(a) In the event any Area Union Trustee who is not the President of a Joint Council shall die, become incapable of acting, resign, or be removed, a successor Union Trustee to fill the unexpired term shall be selected by the Executive Board of the Joint Council that selected the former Union Trustee. In the event the Union Trustee selected by the Area Union Trustees shall die, become incapable of acting, resign or be removed, a successor Union Trustee to fill the unexpired term shall be selected by majority vote of the Area Union Trustees. Upon the filing with the remaining Trustees of the acceptance of the Trusteeship by an individual selected as a successor Trustee, such selection shall be effective and binding in all respects.

for the purpose of providing retirement, death, and termination benefits for the Employees and their families and dependents and for no other purpose.

### Section 3. – Pension Plan:

The Trustees are hereby empowered, authorized and directed to establish a plan, to be known as The Western Conference of Teamsters Pension Plan, and referred to herein as the Plan, which shall define the retirement, death, and termination benefits to be provided by the Employer Contributions, the conditions of eligibility for such benefits, the terms of payment, and such other items as the Trustees shall deem necessary to include. The terms of the Plan shall be determined by the Trustees in their sole discretion on the basis of actuarial principles, and shall be subject to change by the Trustees retroactively or otherwise from time to time; provided, however, that the intent of this Agreement and Declaration of Trust is that at all times the Trust Fund will conform to the applicable requirements of the Labor Management Relations Act of 1947, as amended, and ERISA, and qualify as a "qualified Trust" and as an "exempt Trust" pursuant to sections 401 and 501(a) and any other relevant sections of the Code and that Employer Contributions made by Employers to the Trust Fund will be deductible as an item of expense of such Employers for income tax purposes.

### Section 4. – Application of the Fund:

The Trustees shall have the power to use and apply the Trust Fund for the following purposes:

(a) To pay or provide for the payment of salaries, wages, fringe benefits, and other reasonable and necessary expenses, costs, and fees incurred by the Trustees in connection with the employment of the Executive Director and staff.

(b) To pay or provide for the payment of the amounts determined by the Trustees as reasonable fees for the services of anyone retained to collect Employer Contributions and to administer the affairs of the Trust Fund and the Plan.

(c) To pay or provide for the payment of all reasonable and necessary expenses, costs, and fees incurred by the Trustees in connection with the operation and administration of the Trust Fund and the Plan, including the retention of advisers and providers of services as provided for herein.

(d) To pay or provide for the payment of all real and personal property taxes, income taxes and other taxes or assessments of any and all kinds levied or assessed under existing or future laws upon or in respect to the Trust Fund or any money or property forming a part thereof.

(e) To maintain a reserve for expected administration expenses reasonably anticipated to be incurred during a period not exceeding three months.

(f) To pay or provide for the payment of the retirement, death, and termination benefits contemplated herein.

All funds received by the Trustees hereunder as a part of the Trust Fund shall be deposited in accounts at one or more Qualified Financial Institutions designated by the Trustees for that purpose. The Trustees may allocate to two Trustees, one of whom shall be a Union Trustee and one an Employer Trustee, the sole power and responsibility to make all transfers of such funds from such accounts. No such transfer shall be made except to an insurance company pursuant to an Insurance Company Contract, to an investment Manager or a Custodian, to a Qualified Investment Vehicle, or to an administrative account or accounts in Qualified Financial Institutions designated by the Trustees from which the Administrative Manager as well as such Trustees shall have the authority to draw checks in payment of the ordinary expenses of the Trust Fund and to make refunds of contributions received by the Trust Fund pursuant to such procedures as may be adopted by the Trustees from time to time.

### Section 5. – Limitation of Rights to Trust Fund:

The following limitations shall apply to the rights or interests in, or use of, the Trust Fund.

(a) Neither the Unions, Employers, Employees, nor any other person, association, or corporation shall have any right, title, or interest in or to the Trust Fund.

(b) Anything contained in this Agreement and Declaration of Trust to the contrary notwithstanding, no part of the corpus or income of the Trust Fund shall be used for or diverted to purposes other than the exclusive purpose of providing benefits to Employees, retired Employees, and their families and dependents and defraying the reasonable expenses of administering the Trust Fund and the Plan.

(c) Except to the extent otherwise provided in the Plan or required by Federal law, no money, property, equity, or interest of any nature whatsoever in the Trust Fund, in any group annuity contract, or in any benefits or monies payable therefrom, shall be subject in any manner by any Employee, retired Employee, or beneficiary, or person claiming through any of them, to anticipation, alienation, sale, transfer, assignment, lien, or charge, and any attempt to cause the same to be subject thereto shall be null and void.

## ARTICLE IV – COLLECTION OF EMPLOYER CONTRIBUTIONS

### Section 1. – Employer Contributions and Employer Reports:

All Employer Contributions required by a Pension Agreement shall be made in accordance with its terms and shall be due and payable on the date set forth in the Pension Agreement; provided, however, that the due date shall be no later than the twentieth (20th) day of the month for the immediately preceding month. If the Pension Agreement does not specify a due date, said payments shall be made no later than the tenth (10th) day of the month for the immediately preceding month. On or before the due date, the Employer shall also file a monthly Employer Report, on a form prescribed by the Administrative Manager, setting forth, for each

Employee for whom the Employer has an obligation to make an Employer Contribution for that month under the applicable Pension Agreement, the Employee's name and Social Security number, the amount of the Employer Contribution required to be made on the Employee's account and such other information about the Employee as the Administrative Manager deems necessary or advisable in connection with the administration of the Trust Fund.

### Section 2. – Place of Payment and Filing of Employer Reports:

Employer Contributions shall be paid to, and monthly Employer Reports shall be filed with, the depository bank designated by the Administrative Manager for the particular Pension Agreement.

### Section 3. – Delinquent Contributions:

(a) For purposes of this Trust Fund, an Employer Contribution shall be deemed delinquent if not received by the depository bank on or before the due date as provided for in Section 1 above.

(b) In the event an Employer becomes delinquent in the payment of required Employer Contributions, he shall pay to the Trust Fund all of the following amounts in addition to the amount of delinquent Employer Contributions due:

(1) Interest on the amount of Employer Contributions due, at the rate determined under subsection (d), from the date on which the Employer Contributions become due and payable (or from September 26, 1980, if later) until the date the Employer Contributions are paid to the Trust Fund; and

(2) Liquidated damages equal to the greater of:

(A) an amount equal to the interest payable pursuant to subparagraph (1) (in addition to such interest), or

(B) an amount equal to twenty percent (20%) of the amount of Employer Contributions due; and

(3) All reasonable attorney's fees incurred by the Trust Fund in connection with the delinquency, whether or not legal or arbitration proceedings are instituted, plus court costs, if any.

The amounts specified in paragraphs (1), (2) and (3) shall become due and payable as provided in subsection (c).

(c) The amounts specified in paragraphs (2) and (3) of subsection (b) shall become due and payable to the Trust Fund on the tenth (10th) day following the date on which the Administrative Manager mails a notice of delinquency to the delinquent Employer. For delinquent Employer Contributions discovered as a result of an examination of the books and records of an Employer by the Trustees or their representatives, the amount of interest specified in paragraph (1) of subsection (b) shall become due and payable no later than the tenth (10th) day following the date on which the Administrative Manager mails to the Employer a demand for payment of the interest. No further demand for interest need be made while the delinquent Employer Contributions remain unpaid. Interest shall be payable whether or not the Administrative Manager has mailed to the Employer a demand for payment of the delinquent Employer Contributions by the time the demand for payment of interest is made. For other delinquent Employer Contributions, the amount of interest specified in paragraph (1) of subsection (b), shall become due and payable to the Trust Fund on the tenth (10th) day following the day on which the Administrative Manager mails a notice of delinquency to the delinquent Employer. In all cases, no further notice of delinquency need be given by the Administrative Manager while the Employer remains in a delinquent status.

(d) For purposes of subsection (b), interest on Employer Contributions that are delinquent on a specific day shall be computed at the annual underpayment rate of interest applicable on that date under section 6621 of the Code as amended from time to time, without compounding.

### Section 4. – Collection Actions:

(a) The Trustees may, but shall not be required to, institute legal proceedings to collect delinquent Employer Contributions, interest, liquidated damages, and attorneys' fees. Such proceedings may be instituted by the Administrative Manager of the Trust Fund if he has received general or specific instructions from the Trustees to do so, and may be brought in the name of the Trust Fund or the claim may be assigned to a third person for collection.

(b) The county in which the particular Employer Contribution is payable shall be a proper county in which to institute legal proceedings to collect delinquent Employer Contributions.

(c) The Trustees may allocate to two Trustees, one of whom shall be a Union Trustee and one an Employer Trustee, the authority to compromise and settle such collection actions on such terms and for such amounts as they consider reasonable, prudent and appropriate under the circumstances. Any such compromise and settlement shall be binding and conclusive on the Trustees, Trust Fund, Unions, Employers, and Employees and their beneficiaries.

### Section 5. – Agreement of Employers:

By accepting this Agreement and Declaration of Trust, all Employers agree to be bound by the provisions of this Article IV, and all other Employer obligations set forth in this Agreement and Declaration of Trust.

## ARTICLE V – ADMINISTRATION OF THE TRUST FUND

### Section 1. – General:

The administration of the Trust Fund shall be vested wholly in the Trustees and for such administration the Trustees shall,

6

TRUSTEES OF
THE WESTERN CONFERENCE OF TEAMSTERS
PENSION TRUST FUND

as of April 20, 2004

**UNION TRUSTEES**
Anthony C. Lock, *Chairman*
Rome Aloise
Tony L. Andrews
Earl D. Bush Jr.
Randy Cammack
Al Holbart
Robert Lennox
James Long
Chuck Mack
Roger Niedermeyer
Patrick J. O'Donnell
Jim Santangelo
John P. Souza
Ralph Taurone

**EMPLOYER TRUSTEES**
Bernard T. Eilerts *Co-Chairman/Secretary*
Owen L. Bennett,
Angelo Bruscas
Alvin Carder
Richard L. Dodge
Don Emery
Neil J. Finerty
Joseph F. Hodge
Joseph C. Kaspar
Edward R. Lenhart
William F. Lubersky
David J. MacKenzie
Andrew J. Scoggin
Robert Wrightson

# TRUSTEE POLICY ON ACCEPTANCE OF EMPLOYER CONTRIBUTIONS EFFECTIVE APRIL 1, 1970

(As revised for amendments, extensions and new Pension Agreements effective on or after April 1, 2000)

It is the policy of the Trustees of The Western Conference of Teamsters Pension Trust Fund to accept as Employer Contributions only payments made in accordance with a Pension Agreement that is not detrimental to the Plan. The determination of whether or not a Pension Agreement is detrimental to the Plan shall be made by the Trustees in their sole discretion. However, the list of provisions that follows is furnished as an illustration of those whose inclusion in a Pension Agreement may result in a determination by the Trustees that the Pension Agreement is detrimental to the Plan. It should be noted, however, that the list is not intended as an inclusive list of all such types of provisions.

1. Provisions that limit the employees on whose account contributions are to be made to those above a specific age.

2. Provisions that limit the employees on whose account contributions are to be made to those who will be eligible for retirement within a specified period.

3. Provisions that limit the employees on whose account contributions are to be made to those who have satisfied a specific minimum period of employment or seniority, except that part-time regular and full-time regular employees serving a probationary period may, for a period not to exceed ninety (90) calendar days, be covered under a contribution rate not less than ten (10) cents per hour, including PEER. Casuals, extras, jobbers and hiring hall employees are not subject to the foregoing exception.

4. Provisions that limit the employees on whose account contributions are to be made to those who have worked more than a specified minimum number of hours in a particular period.

5. Provisions that permit contributions on a basis that will produce a contribution less than on all straight time hours worked by the employee, provided that for purpose of this rule paid vacation and paid holiday hours shall be included in straight time hours worked.

6. Provisions which permit or require pension contributions for persons who are not members of the bargaining unit.

7. Provisions which reduce contributions for each compensable hour to less than that which applied prior to any date, except as provided in Number 3 above.

8. Provisions that provide different contribution rates within the same job classification other than during the specified waiting period as defined in Number 3 above. (Different contribution rates for substantially different job descriptions or classifications are permissible as determined by the Trustees in the sole discretion. To illustrate this concept: driver, warehouse, office, mechanic, sales, production would be considered substantially different descriptions/classifications under this provision.)

15