UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> PACIFIC CONVENTION SERVICES, INC., <br><br> Defendant(s). | No. C07-3206 BZ <br><br> **REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT** |

    Before me is plaintiff's motion for entry of default judgment against defendant Pacific Convention Services, Inc. Defendant did not respond to plaintiff's motion. As defendant has not consented to my jurisdiction, the following is a report and recommendation for entry of default judgment.

    On June 18, 2007, plaintiff, the administrator of the Western Conference of Teamsters Pension Trust Fund (Trust Fund), filed complaint under section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. § 185(a)] and section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1132, alleging that defendant

1

failed to pay Trust Fund contributions in accordance with its contractual obligations pursuant to the collective bargaining agreement with Teamsters Local Union No. 85. (Compl. ¶ 1, 2, and 4.) Plaintiff seeks to recover delinquent contributions, liquidated damages and interest for the months of March and April 2007, totaling $6,971.74, and attorneys' fees and costs in the amount of $970. Although plaintiff does not seek to audit the books and records of defendant at this time, it seeks to reserve the right to audit in the future.

Plaintiff effectuated service on July 16, 2007. Defendant has not answered the complaint, or otherwise defended this action. On August 13, 2007, upon plaintiff's request, the Clerk of this Court entered the default of defendant under Federal Rule of Civil Procedure 55(a). By its default, defendant has admitted the well-pleaded averments of the complaint except those as to the amount of damages. See Fed. R. Civ. P. 8(d). A court may not enter a default judgment against an unrepresented minor, an incompetent person or a person in military service. See Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 520. As corporate defendant, Pacific Convention Services, Inc. is not subject to this limitation.

Pursuant to Rule 55(b)(2), the court may enter a default judgment against a party against whom default has been entered. The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the court. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Section 1132(g) of ERISA provides that in an action to

enforce payment of delinquent contributions:

>
> the court shall award the plan -
>   (A) the unpaid contributions,
>   (B) interest on the unpaid contributions,
>   (C) an amount equal to the greater of –
>       (I) interest on the unpaid contributions, or
>       (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent. . . of the amount determined by the court under subparagraph (A),
>   (D) reasonable attorney's fees and costs.

29 U.S.C. § 1132(g)(2).  An award under section 1132(g)(2) is mandatory if: "(1) the employer is delinquent at the time the action is filed; (2) the district court has entered a judgment against the employer; and (3) the plan provides for such an award."  <u>Northwest Adm'rs, Inc. v. Albertson's, Inc.</u>, 104 F.3d 253, 257 (9th Cir. 1996)(citing <u>Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc.</u>, 875 F.2d 212, 215 (9th Cir. 1989)).  Plaintiff has satisfied the statutory requirements and is entitled to an award under section 1132(g).  <u>See</u> <u>Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, Inc.</u>, 68 F.3d 1502, 1507 (W.D.N.Y. 1995).

Plaintiff has the burden of proving damages through testimony or written affidavit.  To prove damages, plaintiff has submitted declarations from Walt Pentz ("Pentz Decl.") and Diane Andrade ("Andrade Decl.").  Mr. Pentz is the manager of and custodian of records for plaintiff.  <u>See</u> Pentz Decl. at ¶ 1.  Ms. Andrade is the manager of the trust fund delinquency collection department at plaintiff's law firm.  <u>See</u> Andrade Decl. at ¶ 1.

1   This evidence establishes that defendant entered into a
2 collective bargaining agreement with Teamsters Local Union No.
3 85 which obligates defendant to pay contributions to the Trust
4 Fund for Union employees. See Exhibits 1 - 3 to Pentz Decl.
5 Pursuant to the terms Trust Fund Agreement, defendant filed
6 monthly reports in March and April of 2007 with the Trust Fund
7 setting forth the Union employees for whom it was obligated to
8 make a contribution for, and the contributions owed. See
9 Pentz Decl., Exhibit 3 at ¶. 3- 4; Andrade Decl., Exhibit 6.
10 Defendant failed to make the contributions for the employees
11 during the months of March and April 2007 and, as required by
12 the terms of the Trust Fund Agreement, plaintiff sent
13 defendant notice of its delinquency. See Pentz Decl., Exhibit
14 3 at p. 6, Exhibit 4. Defendant's delinquent contributions
15 totaled $7,233.40. See Andrade Decl. at ¶ 5. On October 31,
16 2007, defendant paid $2,000.00 toward the delinquent
17 contributions and $5,233.40 is still outstanding. See Supp.
18 Carroll Decl. at ¶ 1. I recommend that plaintiff recover this
19 amount from defendant.
20   Plaintiff also requests $291.66 in interest on the unpaid
21 contributions through October 31, 2007. Under section
22 1132(g)(2)(B), the Trust Fund may recover interest on unpaid
23 contributions. See 29 U.S.C. § 1132(g)(2)(B). Interest is
24 calculated based on the rate provided for under the plan,
25 which is specified in the trust fund agreement as the
26 prescribed under section 6621 of Title 26 for underpayment.
27 See 29 U.S.C. § 1132(g)(2); Pentz Decl., Exhibit 3 at p. 6.
28 The underpayment interest rate is 8% during the applicable

4

period. See I.R.S. News Release IR- 2006-190 (Dec. 12, 2006); I.R.S. News Release IR-2007-54 (Mar. 12, 2006). Plaintiff has established that it is entitled to $291.66 in interest. See Andrade Decl. at ¶¶ 3 - 4. I recommend that plaintiff recover this amount.

Plaintiff also seeks $1,446.68 in liquidated damages. Section 1132(g)(2)(C) and the Trust Fund Agreement provide that plaintiff may recover "an amount equal to the greater of -(I) interest on the unpaid contributions, or(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent See 29 U.S.C. § 1132(g)(2)(C); Pentz Decl. Exhibit 3, p. 6. Plaintiff has demonstrated that it is entitled to liquidated damages on the unpaid contribution for the months of March and April 2007. See id. Because the amount of limited damages requested by plaintiff is permitted by both contract and statute, I recommend that plaintiff recover $1,446.68 in liquidated damages from defendant.

Plaintiff further requests that I enter a judgment reserving its right to audit defendant for any periods not previously audited, including for the same time period covered in this default judgment, and to collect by subsequent legal action any sum found to be due after an audit. For the reasons cited in this court's Report and Recommendation dated June 16, 2005, in <u>Board of Trustees of the Bay Area Roofers Health and Welfare Trust Fund, et al., v. Ace Roofing Company</u>, No. C04-3098 MJJ, I recommend that plaintiffs' request for entry of such a judgment be denied.

Finally plaintiff seeks $540.00 in attorneys' fees and

5

$430.00 in costs. Reasonable attorneys' fees and costs of the action may be awarded if the Trust Fund receives a judgment in its favor. See 29 U.S.C. 1132(g)(2)(D). Plaintiff's counsel, Michael J. Carroll, calculates that through September 18, 2007, he spent in excess of 3 hours prosecuting this action at a rate of $180.00 per hour. See Michael J. Carroll Decl. at ¶ 5. His time consisted of preparing the Motion for Entry of Default, the instant motion and supporting documents. See id. This time was reasonable and necessary to obtain an entry of default judgment in plaintiffs' favor, and is therefore recoverable. See 29 U.S.C. 1132(g)(2)(D). The rate charged is reasonable in relation to the work performed. See id. Plaintiffs also incurred $430.00 in costs, consisting of filing fees and costs associated with service of process. See Carroll Decl. at ¶ 2. Plaintiff's request for $540.00 in attorneys' fees and $430.00 in costs is reasonable and I recommend should be awarded.

For the foregoing reasons, I recommend that judgment be entered in plaintiff's favor against defendant for a total award of $7,941.74. This amount includes: $5,233.40 in unpaid contributions, $291.66 in interest on unpaid or delinquent contributions, $1,446.68 in liquidated damages, $540.00 in attorneys' fees and $430.00 in costs.

Dated: January 8, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\NORTHWEST ADMINISTRATORS\Final Report and Rec Default Judgment.wpd